IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Andrew L. HUNSICK, Attorney at Law.

OFFICE OF LAWYER REGULATION, Complainant,

v.

Andrew L. HUNSICK, Respondent.

Supreme Court

*No. 01–1212–D. Filed June 12, 2001.*

2001 WI 58

(Also reported in 628 N.W.2d 341.)

¶ 1. PER CURIAM. We review the stipulation, filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and Attorney Andrew L. Hunsick, concerning Attorney Hunsick's professional misconduct that resulted in his conviction in circuit court of one count of misconduct in public office. The parties stipulated that the appropriate discipline to impose for that professional misconduct is the suspension of Attorney Hunsick's license to practice law for two years.

¶ 2. We approve the stipulation and adopt the findings of fact and conclusions of law set forth in it. We determine that the seriousness of Attorney Hunsick's

---

[1] SCR 22.12 provides:

Stipulation

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

professional misconduct warrants his two-year license suspension to which the parties have stipulated.

¶ 3.  Attorney Hunsick was admitted to the practice of law in Wisconsin in 1976 and most recently was employed as assistant principal corporation counsel for Milwaukee County. Except for this matter, he does not have a history of attorney disciplinary problems.

¶ 4.  The facts to which the parties stipulated concern Attorney Hunsick's conduct while employed in the county corporation counsel's office. In 1992 the county took title to certain private property pursuant to a tax lien foreclosure. The owners subsequently entered into a memorandum of understanding with the county, represented by Attorney Hunsick, under which they would make periodic payments over the following year in order to have the title to the property returned to them. Attorney Hunsick set up an account at a local bank to receive these payments. However, the owners did not make all payments as required and did not receive title to the property.

¶ 5.  In early 2000 the owners again approached the county regarding the delinquent payments. The county determined that there was a discrepancy between what was, and what should have been, in the bank account from the earlier failed attempt to redeem the property. It appeared that $5000 was missing. Further investigation, including questioning of Attorney Hunsick, revealed that he had personally withdrawn these funds for his own purposes because he was having financial difficulties, although he had subsequently repaid the account $2000, leaving $3000 still outstanding.

¶ 6.  In May of 2000 Attorney Hunsick did repay the county the shortfall plus interest, a total of $3300. However, shortly thereafter he was charged with one

count of misconduct in public office in violation of Wis. Stat. § 946.12(2), a Class E felony. On September 28, 2000, he pled guilty to this offense and was subsequently convicted. On October 23, 2000, sentence was withheld with Attorney Hunsick placed on probation for 18 months and required to perform 500 hours of community service.

¶ 7. Attorney Hunsick and OLR have stipulated that the conduct for which he was convicted constitutes a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[2] As aggravating factors to be considered, the parties stipulated that his position as a public official constituted a violation of the public trust and that his multiple withdrawals of these funds over a period of time constituted a pattern of misconduct. In mitigation, the parties stipulated to his lack of prior discipline, his cooperation with OLR, his payment of full restitution to the county, and other personal matters that were reflected in the circuit court sentencing proceeding.

¶ 8. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Hunsick's professional misconduct in this matter. We determine that the seriousness of the misconduct, in light of the aggravating and mitigating factors set forth in the parties' stipulation, warrants the suspension of his license to practice law for two years as discipline.

---

[2] SCR 20:8.4(b) provides:

It is professional misconduct for a lawyer to:

(b)  commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

¶ 9.   IT IS ORDERED that the license of Andrew L. Hunsick to practice law in Wisconsin is suspended for a period of two years, effective on the date of this order.

¶ 10.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Andrew L. Hunsick shall pay to OLR the costs of this proceeding, provided that if the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, his license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 11.   IT IS FURTHER ORDERED that Andrew L. Hunsick comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.